# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NAKILA WEST, Individually and on behalf of DEVONTE WEST** | **CASE NO. 4:09 CV 00303** |
| | **JUDGE PETER C. ECONOMUS** |
| **PLAINTIFFS,** | |
| V. | |
| | **MEMORANDUM OPINION AND ORDER** |
| **WARREN CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al.** | |
| **DEFENDANTS.** | |

This matter is before the Court upon a Motion for Partial Judgment on the Pleadings ("Motion") pursuant to Federal Rule of Civil Procedure 12(c), filed by Defendants Warren City School District Board of Education ("Board") and Kathryn Hellweg ("Hellweg") (collectively, "Defendants"). (Dkt. # 16). Also before the Court is Plaintiff's Response (Dkt. # 18), and Defendants' Reply. (Dkt. # 19). For the following reasons, the Motion for Partial Judgment on the Pleadings is **GRANTED**.

## I. BACKGROUND

Nakila West ("Plaintiff") files this lawsuit on behalf of her minor son, Devonte West.[1] (Dkt. # 2 at ¶ 2). According to Plaintiff, on October 8, 2007, Devonte West was alleged to

---

1  Although in the caption Nakila West appears to bring suit on her own behalf as well as on behalf of her minor son, Plaintiff's brief does not address any individual claims she has, only those on behalf of her son. Therefore, this Court will proceed as though she has not raised any individual claims.

1

have been involved in an altercation at Warren G. Harding High School. (Dkt. # 2 at ¶ 7). Defendants allege that Devonte West physically assaulted other students without provocation and was subjected to an emergency removal from school premises on October 8, 2007. (Dkt. # 7 at ¶¶ 7-8). As a result of the altercation, Plaintiff's son was expelled from Warren G. Harding High School from November 19, 2007, until June 4, 2008. (Dkt. # 2 at ¶ 9). Plaintiff alleges that the expulsion was in excess of the policy of the Warren City Schools, and also beyond the applicable statutory limits. (Dkt. # 2 at ¶ 14). According to Defendants, Plaintiff was entitled to appeal the expulsion and Plaintiff's appeal was heard on November 7, 2007. (Dkt. # 7 at ¶ 27). Defendants further state that the Board "upheld the expulsion" as being "in accordance with Board policy." (Dkt. # 7 at ¶ 27).

Plaintiff filed the Complaint in the instant matter pursuant to 42 U.S.C. § 1983 and alleged claims of substantive and procedural due process. (Dkt. # 2). Additionally, the Complaint contains a claim under the Equal Protection Clause of the United States Constitution and a claim for intentional infliction of emotional distress ("IIED"). (Dkt. # 2). Specifically, Plaintiff claims that the Defendant Board encouraged the customs, policies, and practices of the school, and that Defendant Hellweg "refused to adequately train, direct, supervise, or control Defendant's employees." (Dkt. # 2 at ¶ 16). Additionally, Plaintiff alleges that Defendants acted "intentionally with malice and/or a deliberate indifference" with respect to her son's constitutional rights. (Dkt. # 2 at ¶ 37).

Defendants filed the instant Rule 12(c) Motion for Partial Judgment on the Pleadings on July 1, 2009, arguing that Defendant Hellweg is entitled to qualified immunity as to both

2

Plaintiff's 42 U.S.C. § 1983 claim (Count III) and Plaintiff's IIED claim (Count V). Defendants also argue that Plaintiff has failed to state a claim for IIED. (Dkt. # 16). On July 31, 2009, Plaintiff filed a Response and Memorandum in Opposition, in which she dismissed Defendant Board from Count V of the complaint. (Dkt. # 18). Defendants filed a Reply on August 10, 2009. (Dkt. # 19).

## II. STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Rule 12(c) are subject to the same analysis as motions to dismiss under Rule 12(b)(6). E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001). A district court faced with a defendant's motion for judgment on the pleadings "must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true." Thurman v. Pfizer, Inc., 484 F.3d 855, 859 (6th Cir. 2007).

In ruling on a Rule 12(c) motion, which are proper after an answer has been filed, the court considers all available pleadings, which includes both the complaint and the answer. Fed R. Civ. P. 7; Ohio Bell Tel. Co. v. Global Naps Ohio, Inc., 540 F. Supp. 2d 914, 924 (S.D. Ohio 2008). However, the court is constrained to examine only the sufficiency of the face of the complaint as written. Whittiker v. Deutsche Bank Nat'l Trust Co., 605 F. Supp. 2d 914, 935-36 (N.D. Ohio 2009). The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings. Consequently, a complaint will be dismissed pursuant to Rule 12(c) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an

insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).

In 2007, the United States Supreme Court held that under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff must make sufficient factual allegations to raise a right to relief above a speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). More recently, the Supreme Court explained that "[t]wo working principles underlie our decision in Twombly, the first being that the court need not accept as true legal conclusions as it does factual allegations, and the second being that a complaint may only survive a motion to dismiss if it states a plausible claim for relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Sixth Circuit found that Twombly was likely limited to "expensive, complicated litigation." Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). However, Iqbal makes clear that "Twombly expounded the pleading standard for 'all civil actions.'" 129 S. Ct. at 1953 (quoting Twombly, 550 U.S. at 555-56).

### III. LAW AND ANALYSIS

#### A. Count III – 42 U.S.C. § 1983

In the Complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983 against Defendant Hellweg in her individual capacity. In order to prevail on a civil rights claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States. Everson v. Leis, 556 F.3d 484, 493 (6th Cir. 2009). Defendant Hellweg has filed the instant Motion for

Partial Judgment on the Pleadings because she has asserted a qualified immunity defense, but the Plaintiff bears the burden of alleging specific facts to overcome the defense of qualified immunity.  Baker v. City of Hamilton, 471 F.3d 601, 605 (6th Cir. 2006).

The affirmative defense of qualified immunity "shields government officials from 'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Smoak v. Hall, 460 F.3d 768, 777 (6th Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Qualified immunity is available to state officials sued in their individual capacities under 42 U.S.C. § 1983 for wrongful conduct committed during the performance of discretionary functions.  Garretson v. City of Madison Heights, 407 F.3d 789, 796 (6th Cir. 2005).  Because qualified immunity is immunity from suit, rather than simply a defense to liability, questions of qualified immunity are decided at the earliest possible stage of litigation.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow, 457 U.S. at 818.

The Supreme Court has developed a two-part test to determine whether a defendant is entitled to qualified immunity.  Saucier v. Katz, 533 U.S. 194, 201 (2001); Dorsey v. Barber, 517 F.3d 389, 394 (6th Cir. 2008).  First, a court must decide whether, taken in the light most favorable to the plaintiff, the facts alleged show that the defendant violated a constitutional right.  Saucier, 533 U.S. at 201.  If a violation is shown, the court must then determine whether the particular right was clearly established, such that a "reasonable public official

would have been aware that his conduct violates the right in question." Buchanan v. City of Bolivar, 99 F.3d 1352, 1358 (6th Cir. 1996) (citations omitted).[2]

As this is a Motion for Judgment on the Pleadings, we must accept the Plaintiff's factual allegations as true. In the instant matter, Plaintiff alleges that Defendant Hellweg "is a final decisionmaker," (Dkt. # 2 at ¶ 27), and that she failed to "supervise and/or train the employees under her control," (Dkt # 2 at ¶ 28). Under Twombly and Iqbal, however, the Plaintiff must do more than simply recite the elements of a cause of action or make conclusory legal statements. Iqbal, 129 S. Ct. at 1949-50. A plaintiff may not simply allege supervisor liability premised on respondeat superior. "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Everson, 556 F.3d at 494.

Plaintiff asserts that Defendant Hellweg has violated Plaintiff's son's constitutional rights, but does not provide any factual allegations in support of that conclusion. Devonte West's constitutional rights cannot be violated simply by being expelled, as the expulsion must also be without due process. In the instant matter, Plaintiff was given the opportunity to appeal the expulsion, actually did appeal the decision, and the expulsion was upheld on appeal. Additionally, Defendant Hellweg did not personally expel Plaintiff's son, and the

---

2   In 2009, the Supreme Court held that the two step procedure of Saucier which required the constitutional violation prong to be decided before determining whether the right is clearly established is no longer mandatory. Pearson v. Callahan, 129 S. Ct. 808, 818 (2009). Instead, district courts have the discretion to determine which question should be answered first. The Sixth Circuit has followed this rule. Compare Grawey v. Drury, 567 F.3d 302, 309 (6th Cir. 2009) (applying "the traditional analysis" of Saucier) and Waeschle v. Dragovic, 576 F.3d 539, 544 (6th Cir. 2009) (exercising its discretion to apply the clearly established prong first). In the instant matter this Court sees no reason to vary from the traditional approach outlined in Saucier.

Plaintiff has not pled any facts that show that Defendant Hellweg "implicitly authorized, approved, or knowingly acquiesced" in the conduct. Everson, 556 F.3d at 494.

Under the pleading standard of Twombly and Iqbal, Plaintiff has not pled sufficient facts to establish a constitutional violation sufficient to overcome Defendant Hellweg's defense of qualified immunity. Accordingly, the Court need not proceed to the second step of qualified immunity analysis and determine whether the right of schoolchildren not to be expelled for more than 80 days was clearly established. Therefore, Defendant's Motion for Partial Judgment on the Pleadings with respect to Count III is granted.

### B. Count V – Intentional Infliction of Emotional Distress

Count V of Plaintiff's Complaint asserts a cause of action for IIED against Defendant Hellweg in both her official and individual capacities, as well as Defendant Board. In the Answer, both Defendants asserted a claim of qualified immunity pursuant to Section 2744 of the Ohio Revised Code. (Dkt. # 7). Defendants now move for Partial Judgment on the Pleadings with respect to Count V based on qualified immunity. In her Response Plaintiff has voluntarily dismissed Defendant Board, and therefore, this Court will only discuss the claim against Defendant Hellweg. (Dkt. # 18).

The process of determining whether, under O.R.C. § 2744.02, a political subdivision is immune from liability involves a three-tiered analysis. Elston v. Howland Local Sch., 865 N.E.2d 845, 848 (Ohio 2007). First, § 2744.02(A) provides a general grant of immunity to political subdivisions. Second, § 2744.02(B) provides specific exceptions to general immunity. Third, a political subdivision may reinstate its immunity using defenses to

7

liability under § 2744.03. Hubbard v. Canton City Sch. Bd. of Educ., 780 N.E.2d 543, 546 (Ohio 2002); Thornton v. City of Cleveland, 890 N.E.2d 353, 355 (Ohio Ct. App. 2008).

In her Response, Plaintiff voluntarily dismissed the IIED claim against Defendant Board, but not the claim against Defendant Hellweg in her official capacity. In Ohio, "an action against an officer in his 'official capacity' is simply another way of pleading an action against the governmental entity itself." Chesher v. Neyer, 477 F.3d 784, 797 (6th Cir. 2007). Therefore, "it would be appropriate to dismiss the official capacity claims against the employee defendants if such claims have been dismissed against the county." Id. See also Kammeyer v. City of Sharonville, 311 F. Supp. 2d 653, 661 (S.D. Ohio 2003).

While the Plaintiff has dismissed Defendant Board from Count V of the Complaint, and by consequence, the claim against Defendant Hellweg in her official capacity, Plaintiff maintains an IIED claim against Defendant Hellweg in her individual capacity. An employee's individual liability is governed by § 2744.03(A)(6), which states in relevant part that:

> the [political subdivision's] employee is immune from liability unless one of the following applies: (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. . .

O.R.C. §2744.03(A)(6)(a-b) (2009). See also Beckett v. Ford, 613 F. Supp. 2d 970, 984 (N.D. Ohio 2009); Thornton, 890 N.E.2d at 355-56.

Courts in Ohio have held that the recklessness of the conduct necessary to establish the tort of IIED is characterized as behavior, "so outrageous in character, and so extreme in

8

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Hale v. Vance, 267 F. Supp. 2d 725, 736 (S.D. Ohio 2003) (quoting Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousmen & Helpers of America, 453 N.E.2d 666, 671 (Ohio 1983)); Irving v. Austin, 741 N.E.2d 931, 934 (Ohio Ct. App. 2000). Whether behavior constitutes reckless or wanton conduct is ordinarily a question for a jury. Fabrey v. McDonald Police Dep't., 639 N.E.2d 31, 35 (Ohio 1994). See also Chesher, 477 F.3d at 800 (denying summary judgment because whether conduct is reckless is normally a question to be determined by the trier of fact); Jacobs v. Vill. of Ottawa Hills, 159 F. Supp. 2d 693, 699-700 (N.D. Ohio 2001) (denying summary judgment because question is one for the jury to decide).

Therefore, in order to grant a motion for judgment on the pleadings on the issue of immunity under 2744.03(A)(6), the record must be "devoid of evidence tending to show that the political subdivision employee acted wantonly or recklessly." Irving, 741 N.E.2d at 934. For example, the Ohio Court of Appeals affirmed the trial court's grant of judgment on the pleadings after finding that the plaintiff had "simply present[ed] the outcome itself as evidence of malfeasance." Amrhein v. Telb, 2006 Ohio 5107, *16 (Ohio Ct. App. 2006). Another court also held that a motion for judgment on the pleadings was appropriate when the "plaintiff state[d] no facts specifying how [the defendant] acted with malicious purpose, in bad, faith, or in a wanton reckless manner." Beckett, 613 F. Supp. 2d at 984. Similarly, "vague allegations of sinister intent" are not sufficient to survive a Rule 12(c) motion when they are "completely unsupported by any evidence." Johari v. City of Columbus Police

Dep't, 186 F. Supp. 2d 821, 832 (S.D. Ohio 2002).

Therefore, even though the question of whether an employee acted in a wanton and reckless manner is ordinarily a jury question, a court may grant a motion for judgment on the pleadings when the record is devoid of any facts showing recklessness. In the instant matter, the Complaint is indeed devoid of any facts showing wanton or reckless misconduct on the part of Defendant Hellweg. Plaintiff has failed to allege any conduct by Defendant Hellweg except for the act of the expulsion itself. Instead, Plaintiff simply makes conclusory legal allegations, and has not supported any claims with facts that Defendant Hellweg acted in a wanton or reckless manner. Plaintiff claims that Defendants "intentionally with malice and/or deliberate indifference unlawfully violated" her son's constitutional rights and that "as a result of the unlawful conduct of the Defendants Plaintiff suffered permanent and significant physical and emotional distress." (Dkt. # 2 at ¶¶ 37-38). However, Plaintiff has not pled any facts showing what conduct was with malice or caused the Plaintiff's alleged emotional distress. Plaintiff's conclusory allegations do not overcome the assumption of statutory immunity with respect to Defendant Hellweg. As this Court concludes that Defendant Hellweg is entitled to qualified immunity, there is no need to discuss the merits of the Plaintiff's IIED claim. Therefore, Defendant Hellweg's Motion for Judgment on the Pleadings with respect to Count V is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant Hellweg is entitled to a defense of qualified immunity with respect to Count III, and statutory immunity under § 2744.03(A)(6) with

respect to Count V.  Therefore, Defendants' Motion for Partial Judgment on the Pleadings on Count III and Count V is **GRANTED**.  (Dkt. # 16).

**IT IS SO ORDERED.**

<u>**s/ Peter C. Economus – November 5, 2009**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**